**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: August 15 2025

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 24-61446 |
| | ) | |
| Kimberly Dawn Sansom, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 25-06007 |
| | ) | |
| Scott Douglas Tucker, | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Kimberly Dawn Sansom, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**REPORT AND RECOMMENDATION ON THE WITHDRAWAL OF REFERENCE
PURSUANT TO 28 U.S.C. SECTION 157(b)(5)**

On October 23, 2024, Kimberly Dawn Sansom ("Debtor" or "Defendant" or "Ms.

Sansom") filed a Chapter 13 bankruptcy case in Canton, Ohio. An Adversary Complaint was filed against Debtor by Scott Douglas Tucker ("Plaintiff" or "Mr. Tucker") on February 8, 2025.[1] The Complaint seeks a determination: that a debt is owed, the amount of the debt, and that the debt is not dischargeable in Debtor's bankruptcy under 11 U.S.C. Section 1328(a)(4), a non-dischargeability provision specific to Chapter 13 cases. *See*, 11 U.S.C. Section 103(j).

Section 1328(a)(4)[2] provides that a Chapter 13 discharge will not discharge "any debt" for:

> (4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful and malicious injury by debtor that caused personal injury to an individual or the death of an individual.

Plaintiff's claims for relief are generally described as being for malicious prosecution, false imprisonment, and intentional infliction of emotional distress. Plaintiff asserts that he was incarcerated for 22 days, and had to wear an ankle bracelet while on restrictive bail for 9 months, based on Debtor's false allegations against him. He further asserts that after the commencement of the trial, the criminal charges were dismissed against him, with prejudice, by the Richland County Prosecutor on July 12, 2023.

No Answer has been filed by Defendant.

This cause came before the bankruptcy court on Defendant's Motion for Abstention and Motion to Dismiss ("Defendant's Motion") [Doc. 4] and Plaintiff's Memorandum in Opposition to Defendant's Motion. [Doc. #10]. A pre-trial was held, and subsequently Defendant filed a Response brief. [Doc. #12]. A Hearing on Defendant's Motion was held on April 23, 2025 and the matter became decisional.

---

1/ Plaintiff had previously filed a Complaint against Ms. Sansom in state court on July 10, 2024. Ms. Sansom filed a counterclaim, and Debtor has asserted that the "parties were in the process of discovery when Defendant filed for Chapter 13 bankruptcy on October 23, 2024." [Doc. #4, p. 2].

2/ 11 U.S.C. Section 1328(a)(4) was added to the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act amendments enacted in 2005.

Under 28 U.S.C. Section 157(b)(5):

(5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Debtor's Motion seeks to have the Complaint dismissed and/or sent back to the state court where Plaintiff's case against Debtor was pending at the time the Chapter 13 case was filed. [Doc. #4, p. 3].

In response, the Plaintiff cites to case law supporting the viability of his claims. Addressing the request for remand to the state court, Plaintiff cited to 28 U.S.C. Section 157(b)(5), which provides for personal injury torts to be tried in the District Court. [Doc. 10, p. 16].

This Report and Recommendation must address the resolution of several disputed bankruptcy issues, including:

1. Does Section 1328(a)(4) only apply to situations where there has been a civil award, prior to bankruptcy, against the Debtor?

2. Is Plaintiff's claim one for personal injury under Section 1328(a)(4)?

3. Is Plaintiff's claim one for personal injury under 28 U.S.C. Section 157(b)(5)?

After addressing those issues, this Report and Recommendation will address why – in this court's view – the District Court should withdraw the reference for Adversary Case 25-06007, and decide the issues presented in the Complaint. However, under Federal Rule of Bankruptcy Procedure 5011(a): "A motion to withdraw a case or proceeding shall be heard by a district judge."[3]

---

3/ Although the decision on withdrawal of the reference is for the District Court, the request can be filed in the bankruptcy court. *See*, Federal Rule of Bankruptcy Procedure 5011, Advisory Committee Notes: "Motions for withdrawal pursuant to 28 U.S.C. § 157(d) . . . are to be file with the clerk as required by Rule 5005(a). If a bankruptcy clerk has been appointed for the district, all motions are filed with the bankruptcy clerk."

3

1. **Section 1328(a)(4) And The Case Law Addressing The Use Of "Awarded" In The Statute.**

   Defendant-Debtor asserts that the plain language of the statute does not allow Plaintiff's action to go forward because the statute only makes non-dischargeable "damages, awarded in a civil action against the debtor" – and here, Debtor filed her Chapter 13 case (invoking the automatic stay) prior to any award being made by the state court where the action was pending.

   There is some early[4] case law supporting Debtor's position. *See*, *Parsons v. Byrd (In re Byrd)*, 388 B.R. 875 (Bankr. C.D. Ill. 2007); *In re Nuttall*, 2007 WL 128896, 2007 Bankr. LEXIS 4628 (Bankr. D.N.J. Jan. 11, 2007).

   However, it appears that all of the decisions issued after *Byrd* and *Nuttall* have rejected their reasoning. *See*, *Lepore v. Kerner*, 2010 WL 4236835 at **3-6, 2010 U.S. Dist. LEXIS 112590 at **12-16 (D.N.J. Oct. 20, 2010); *Waag v. Permann (In re Waag)*, 418 B.R. 373, 381 (9th Cir. BAP 2009); *In re Liukonen*, 670 B.R. 335, 340-343 (Bankr. E.D. Wis. 2025); *In re Ovalles*, 619 B.R. 23, 29 (Bankr. D. Puerto Rico 2020); *In re Grosso*, 512 B.R. 768, 771-773 (Bankr. D. Del. 2014); *In re Adams*, 478 B.R. 476, 483-484 (Bankr. N.D. Ga. 2012); *In re Capote*, 2012 WL 1597375 at *1, 2012 Bankr. LEXIS 2000 at *3 (Bankr. S.D. Fla. May 7, 2012); *Miller v. Schaub (In re Schaub)*, 2012 WL 1144424 at **3-5, 2012 Bankr. LEXIS 1457 at **7-14 (Bankr. D.N.J. April 4, 2012); *In re Morrison v. Harrsch (In re Harrsch)*, 432 B.R. 169 (Bankr. E.D. Pa. 2010); *Woods v. Roberts (In re Roberts)*, 431 B.R. 914 (Bankr. S.D. Ind. 2010); *Buckley v. Taylor (In re Taylor)*, 388 B.R. 115 (Bankr. M.D. Pa. 2008).

   This issue has also been addressed, although not decided, in a Northern District of Ohio District Court decision. *See*, *Shroyer v. Devich*, 2013 WL 128377 at *5, 2013 U.S. Dist. LEXIS

---

4/ Section 1328(a)(4) was added to Chapter 13 as part of the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, 119 Stat. 23 ("BAPCPA").

43886 at *12 (N.D. Ohio March 27, 2013)("The Bankruptcy Court concluded that there is no requirement that the Devichs obtain a judgment pre-petition and that the underlying action need not be liquidates on the date of the petition. Citing *In re Waag*, 418 B.R. 373, 381 (BAP 9th Cir.2009). The Shroyers conceded to this rule of law in their post-trial briefs and do not contest the issue here. Therefore, this Court will not pass judgment on this conclusion.").

This court recommends that more recent decisions - *Taylor*, *Lapore, Liukonen* and *Waag* – be followed and that the Adversary Case not be dismissed based on the use of the past tense ("awarded" in a civil action against the debtor) in Section 1328(a)(4).

2. **Does The Term "Personal Injury" In Section 1328(a)(4) Apply To More Than Just Physical Bodily Injury?**

Plaintiff's Complaint asserts that Mr. Tucker suffered some physical injuries, specifically: "bumps, bruises, and abrasions to various parts of his body" upon his arrest [Case No. 25-06007, Doc. #1, p. 3], pain and discomfort associated with a lack of medical attention while incarcerated [*Id.*, pp. 3-4], and that the GPS ankle bracelet he was required to wear "caused sores on his leg while released on bail". [*Id.*, p. 8]. Thus, there is some bodily injury alleged in Plaintiff's Complaint.

Section 1328(a)(4) clearly makes a distinction between "personal injury" and injuries to property. As the *Waag* court noted:

> Section 1328(a)(4) differs from section 523(a)(6) in three significant ways: (1) it applies to "willful or malicious" injuries instead of to "willful and malicious" injuries; (2) it applies to personal injuries or death and not to injuries to property; and (3) it applies to restitution and damages "awarded in a civil action against the debtor" as a result of such injuries.

*Waag*, 418 B.R. at 377.

The decisions that have interpreted the term "personal injury" as it is used in Section 1328(a)(4) have generally held that it "excludes debts arising from injuries to property". *In re*

5

*Deluty*, 540 B.R. 41, 47 (Bankr. E.D.N.Y. 2015)(citing cases); *see also*, *In re Ang*, 589 B.R. 165, 179-180 n.6 (Bankr. S.D. Cal. 2018)(citing cases); *Sales v. Bailey (In re Bailey)*, 555 B.R. 557, 561-563 (Bankr. N.D. Miss. 2016)("It is well-settled that §1328(a)(4) excludes debts "arising from injuries to property from the scope of the statute.").

In contrast, the decisions regarding the precise meaning of "personal injury" are less uniform. As the *Ang* court has stated:

> It remains unclear, however, "whether 'personal injury' for § 1328(a)(4) purposes: (1) refers solely to personal bodily injury; (2) includes nonphysical injury but not business or financial injuries; or (3) includes all injuries insofar as the injury is treated as a personal injury under non-bankruptcy law." *In re Toste*, 2014 WL 3908139, at *3, 2014 Bankr. LEXIS 3441, at *8-9. The vast majority of courts define 'personal injury' as harm both physical and nonphysical (such as defamation and intentional infliction of emotional distress). *See*, *e.g.*, *In re Szewc*, 568 B.R. 348, 358 (Bankr. D. Or. 2017) ("'[P]ersonal injury' depends on whether the claim ... primarily protects a 'personal' as opposed to 'property, financial, or business' right."); *In re Grossman*, 538 B.R. at 41; *In re Adams*, 478 B.R. at 486. They have reached this conclusion by comparing § 1328(a)(4)'s language with other statues.
>
> For example, the statute's text differs from § 522(d)(11)(D)'s, which employs the phrase "personal bodily injury." 11 U.S.C. § 522(d)(11)(D) (property may not be exempt if it is traceable to a payment "on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss."). "On a plain language basis, it is significant that Congress used the term 'personal bodily injury' in § 522(d)(11) to exclude personal injury that is not bodily injury." *In re Grossman*, 538 B.R. at 41-42; *see also In re Adams*, 478 B.R. at 486 ("Congress knew how to say 'personal bodily injury' when it wanted to.")(emphasis in original)(quotation omitted)). Thus, "when Congress used the term 'personal injury' in §1328(a)(4) without the qualifier 'bodily,' it must have meant a class of 'personal injury' not limited to 'bodily.'" *In re Grossman*, 538 B.R. at 41-42.

*Ang*, 589 B.R. at 180; *see also*, *Copland v. Brown (In re Brown)*, 2025 WL 2180200 at *4, 2025 Bankr. LEXIS 1835 at *11 (Bankr. W.D. Vir. July 31, 2025)(noting the use of "personal bodily injury in Section 522(d)(11)(D) and following the "intermediate approach"); I*n re Liukonen*, 670 B.R. at 344-346 ("most courts interpreting the scope of §1328(a)(4)'s 'personal injury' limitation have concluded that § 1328(a)(4)'s use of "personal injury" includes nonphysical harms."); *In re*

6

*Stewart*, 649 B.R. 755, 760 (Bankr. N.D. Ill. 2023)("The majority view, though – and the most reasonable – lies in the middle, defining personal injury to include 'emotional and reputational harms' but not business and financial injuries."); *In re Bailey*, 555 B.R. 557, 564 (Bankr. N.D. Miss. 2016)("The term "personal injury" in §1328(a)(4) may include non-physical injuries, so long as the underlying cause of action is personal in nature and not economic only."); *In re Firth*, 2023 WL 162140 at *4, 2023 Bankr. LEXIS 65 at *10 (Bankr. D.D.C. Jan. 11, 2023)("After considering each of the three approaches as to what constitutes a "personal injury" under §1328(a)(4), the Court agrees with the majority, and concludes that the middle approach is correct standard."); *but see*, *In re Johnson*, 657 B.R. 836 (Bankr. E.D. Va. 2024)(adopting the narrow approach).

This court recommends that the District Court deny Defendant's Motion to dismiss, and adopt the "hybrid" or "middle" approach.

Even if the District Court were inclined to adopt the "narrow" approach, the Complaint does assert that there were physical injuries (although they might provide a much narrower basis for relief). Because specific physical injuries were alleged in the Complaint, that should be sufficient to deny Defendant's motion to dismiss or abstain.

Moreover, one of the reasons given for adopting the "narrow" view is the proximity of the phrase "personal injury" to the term "wrongful death" – the idea being that Congress was signaling a level of harm that needed to be met, which some courts have held is not present (for example) with reputational injury resulting from defamation.

Here, the harm alleged in the Complaint includes 22 days of wrongful imprisonment. It seems incongruous that a slap, or a broken finger would meet the statutory requirement for "personal injury" but being physically incarcerated for that length of time would not.

Finally, the view that false imprisonment is a personal injury tort, even under the "narrow

view", is supported by general definitions of the term "personal injury":

> Black's Law Dictionary defines "personal injury" as not only "bodily injury" but also "any invasion of a personal right, including mental suffering and **false imprisonment**." Black's Law Dictionary (9th. ed. 2009).

*In re Mason*, 514 B.R. 852, 859 (Bankr. E.D. Ky. 2014)(emphasis added); *see also*, *Copland v. Brown (In re Brown)*, 2025 WL 2180200 at *4, 2025 Bankr. LEXIS 1835 at **10-11; *Leathem v. Volkmar (In re Volkmar)*, 217 B.R. 561, 566 (Bankr. N.D. Ill. 1998).

For all of these reasons, this court recommends that the District Court find that the Complaint states a claim for non-dischargeability under Section 1328(a)(4).

3. **Interpreting The Term "Personal Injury" Again: Is Plaintiff's Claim A "Personal Injury Tort" Under 28 U.S.C. Section 157(b)(5)?**

A similar use of the term "personal injury" (albeit with the word "tort" added) is found in 28 U.S.C. Section 157(b)(5), which states:

> (5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

The Supreme Court has held that §157(b)(5) is not jurisdictional. *See*, *Stern v. Marshall*, 564 U.S. 462, 479, 131 S.Ct. 2594, 2606, 180 L.Ed.2d 475 (2011)("we agree that § 157(b)(5) is not jurisdictional").[5] However, Section 157(b)(5) does use the word "shall" – which generally indicates that the provision is mandatory. *See e.g.*, *Desimone Hosp. Servs., LLC v. W. Virginia-Am. Water Co.*, 2014 WL 1577051 at *3 n.3, 2014 U.S. Dist. LEXIS 55018 at *25 n.3 (S.D. W.Va. Apr. 16, 2014)(noting personal injury tort claims "are the subject of mandatory withdrawal of reference pursuant to 28 U.S.C. §157(b)(5)."); *In re Smith*, 389 B.R. 902, 913 (Bankr. D. Nev. 2008)("[T]he district court

---

5/ The difference between *Stern* and the present case is that the Plaintiff here has not consented to the bankruptcy court's jurisdiction over the claim.

will almost always hear personal injury cases, especially if a timely request to do so is made. That is the allocative aspect of Section 157(b)(5)."). Thus, personal injury torts are to be distinguished from the broader set of cases involving permissive withdrawal of the reference - typically situations in which there are non-core claims, non-debtor parties and jury demands. *See e.g.*, *Welch v. Gordulic*, 2011 WL 2490943 at **1-2, 2011 U.S. Dist. LEXIS 66482 **3-5 (N.D. Ohio June 22, 2011)(citing cases relating to permissive withdrawal of the reference).

Analogous to the case law on Section 1328(a)(4) discussed above, the decisions interpreting "personal injury" (as that term is used in 28 U.S.C. Section 157(b)(5)) have gravitated to three[6] different approaches:

> It is not at all clear what constitutes a "personal injury tort" claim. Some courts (those that adopt what is called the "narrow view") require a trauma or bodily injury; others more broadly look for "any injury which is an invasion of personal rights." A third viewpoint (which one court has called the "hybrid approach") finds fault with both of these approaches, and concludes that "in cases where it appears that a claim might be a 'personal injury tort claim' under the 'broader' view but has earmarks of a financial, business or property tort claim, or a contract claim, the court reserves the right to resolve the 'personal injury tort claim' issue by (among other things) a more searching analysis of the complaint."

1 Collier on Bankruptcy, ¶3.06 (16th ed. 2025)(footnotes omitted); *see also*, *In re Baca*, 513 B.R. 737, 741 n.6 (Bankr. D. Colo. 2014)(quoting *In re Adams*, 478 B.R. 476, 486 (Bankr. N.D. Ga. 2012).

Because physical injury has been alleged in the Complaint, it appears that under any of these approaches, Plaintiff's request to withdraw the reference should be granted.

---

6/ In addition to these broader categorizations, some courts have held, based on Supreme Court precedent, that actions under 42 U.S.C. Sections 1981 to 1983 are claims that fall "with the rule requiring trial in the district court." *See e.g.*, *S.V. v. Kratz*, 2012 WL 3070979 at *2, 2012 U.S. Dist. LEXIS 104110 at **4-5 (E.D. Wis. July 26, 2012)(citing cases); *In re Nifong*, 2008 WL 2203149 at *3, 2008 Bankr. LEXIS 1608 at **9-12 (Bankr. M.D.N.C. May 27, 2008); *Thomas v. Adams (In re Gary Brew Enters.)*, 198 B.R. 616, 618 (Bankr. S.D. Cal. 1996).

### 4. Why The Bankruptcy Court Recommends That The District Court Should Withdraw The Reference.

The statutory prohibition against bankruptcy courts determining personal injury claims found in §157(B)(5), provides that such claims should be tried in the District Court. In addition, 28 U.S.C. §157(B)(4)[7] creates a specific exception to the limitation on District Court jurisdiction in 28 U.S.C. Section 1334(c)(2)[8], which would otherwise require the District Court to abstain.

Personal injury claims arise in a variety of procedural contexts. Here, the pre-Petition state court litigation is currently stayed. That case was not removed to the bankruptcy court – instead, Plaintiff initiated a new adversary proceeding, which remains pending before the bankruptcy court.

The powers of the bankruptcy court are derived from the District Court through referrals made pursuant to 28 U.S.C. Section 157(a). *See*, 28 U.S.C. §1334. The Northern District of Ohio has a "General Order of Reference" automatically transferring all bankruptcy cases to the bankruptcy courts. *See*, General Order 2012-07 of the United States District Court for the Northern District of Ohio.

Once a reference is withdrawn, however, the District Court has all the powers of the bankruptcy court, without the §157(b)(5) prohibition against deciding personal injury torts. The District Court therefore can – and in this situation is the only court that can – decide all of the issues presented under Section 1328(a)(4): liability, damages and non-dischargeability.

While the bankruptcy court could, arguably, decide non-dischargeability, it could not

---

7/ "(4) Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2)."

8/ "(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

determine the amount owed.⁹

In other situations, the personal injury case might already be pending in the District Court, requiring relief from the automatic stay; or the parties might stipulate to a bankruptcy court determination (notwithstanding §157(b)(5)), or they might request the state court proceeding to continue to determine liability and damages. None of those circumstances exist here.

Here, Plaintiff has asserted his rights under 28 U.S.C. Section 157(b)(5), and rejected Defendant-Debtor's request to proceed in state court if the case were not dismissed. Under these circumstances, given the statutory direction of Section 157(b)(5), this court recommends that the reference be withdrawn as to the above captioned Adversary Case, and that issues raised in the Complaint be determined by the District Court. The District Court has explicit statutory authority to withdraw "in whole or in part, any case or proceeding". *See*, 28 U.S.C. Section 157(d). Thus, the District Court can withdraw the reference as to the Adversary Proceeding while leaving the underlying Chapter 13 case with the bankruptcy court. Once the reference is withdrawn, the District Court would be proceeding under its non-delegated 28 U.S.C. §1334 bankruptcy authority. Accordingly, relief from the automatic stay should not be necessary.

### 5. The Timing Of The Withdraw Of The Reference.

Because the bankruptcy court is statutorily prohibited from determining personal injury tort claims, the court is preparing this report and recommendation on the dispositive substantive issues presented in the 12(b)(6) Motion of Defendant. This approach is being taken out of an abundance of caution,¹⁰ and concerns about "law of the case" issues that could flow from the

---

9/ When dischargeability actions do not involve personal injury, in addition to finding a debt non-dischargable, a bankruptcy court can enter a final judgment for damages in a "core" proceeding. *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 965–66 (6th Cir.1993); *Hart v. S. Heritage Bank (In re Hart)*, 564 F. App'x 773, 775–76 (6th Cir. 2014); *In re Anderson*, 670 B.R. 528, 543 (Bankr. S.D. Ohio 2025).

10/ As courts have noted: "§157(b)(5) concerns *trial*." *Collum v. City of Chicago*, 2023 WL 617158 at *2, 2023 U.S. Dist. LEXIS 166242 at *3-6 (N.D. Ill. Sept. 19, 2023). However, other district courts prefer to resolve pre-trial

11

25-06007-jpg    Doc 18    FILED 08/15/25    ENTERED 08/15/25 12:40:28    Page 11 of 12

recommendations this court is proposing.

However, the bankruptcy court could continue to oversee the Adversary Proceeding as the parties go through the discovery process, and the District Court could wait and withdraw the reference prior to trial. That does not appear to be prohibited by the statute.

The question is whether that is the best approach. Several factors weigh against that approach in this court's view.

First, this court is unfamiliar with the District Court's trial preparation practices, and may not provide the type of trial preparation that the Court prefers.

Second, to the extent substantive issues arise, the bankruptcy court will either have to provide a Report and Recommendation, or risk saddling the District Court with "law-of-the-case" issues that could be avoided if the Adversary Case proceeds before the District Court.

Third, the bankruptcy issue presented here – non-dischargeability under §1328(a)(4) – is a very narrow, lightly litigated area. The case law is limited, and this court has no special expertise regarding this issue, as no case under this provision appears to have ever been litigated before this bankruptcy judge.

For all of the above reasons, the bankruptcy court recommends to the District Court:

1. That Defendant's Motion for Abstention and Motion to Dismiss be Denied.
2. That Plaintiff's request for withdrawal of the reference as to Adversary Proceeding 25-06007 be Granted and that this case be transferred to the District Court for trial.

---

motions in personal injury tort actions. *Moore v. Idealease of Wilmington*, 358 B.R. 248, 252 (E.D.N.C. 2006)

12

25-06007-jpg    Doc 18    FILED 08/15/25    ENTERED 08/15/25 12:40:28    Page 12 of 12